[^OWNING, J.,
dissenting.
I respectfully dissent because the majority is incorrect in its application and use of hearsay evidence in this matter. The judgment of the trial court should be reversed because its judgment is not supported by competent evidence.

HEARSAY

Louisiana Revised Statute 23:1631 provides that appeals to the Board of Review “shall be in accordance with regulations prescribed by the board of review for determining the rights of the parties])]” Title 40, Louisiana Administrative Code, Part IV, Subpart 1, Chapter 1, Rule 115C, addressing conduct of hearings before a Departmént of Labor administrative law judge, provides as follows:
Hearsay testimony is admissible, but may only be considered by the Administrative Law Judge in making his decision to substantiate or corroborate other direct evidence.
The record before us contains minimal, if any, direct evidence that Mr. Woods was insubordinate such that he could justifiably be fired. Mr. Woods’ crew chief, Mr. Richard Thompson, to whom he was allegedly directly insubordinate, did not testify. All the other evidence presented by Came-co Industries was based on this crew chiefs possibly self-serving reports of the incident. Mr. Woods never wavered in his version of events band in his assertion that he was not insubordinate. Under Rule 115C, hearsay can only corroborate direct evidence. The record contains insufficient, if any, direct evidence of Mr. Woods’ insubordination. Accordingly, the dissenting members of the Board of Review were correct in their conclusion that Mr. Woods was discharged without provable misconduct connected with his employment and that benefits should have been allowed.
Further, Title 40, Louisiana Administrative Code, Part IV, Subpart 1, Chapter 1, Rule 115B provides that “[tjechnical rules of evidence need not be complied with so long as all parties are given an opportunity to fully present their case.” The majority here dispenses with the technical rules of evidence regarding hearsay. But they are applying the technical rules of evidence regarding objections. Technical rules of evidence regarding objections and waiver of rights do not control in these proceedings. See Rule 115B. See also Whiddon v. Livingston Parish Council, 00-1349, p. 6 (La.App. 1 Cir. 9/28/01), 809 So.2d 421, 426, writ denied, 01-2893 (La.1/25/02), 807 So.2d 837, where this court indicated that the rules regarding objections do not apply in administrative hearings. Accordingly, *378 failure to object does not render incompetent evidence competent.
I also note that the Louisiana Supreme Court has recognized a more relaxed standard of evidence concerning hearsay in general administrative hearings in Chaisson v. Cajun Bag & Supply Co., 97-1225 (La.3/4/98), 708 So.2d 375. The court in Chaisson concluded that for hearsay evidence to qualify as “competent evidence,” the evidence must have “some degree of reliability and trustworthiness” and be “the type that reasonable persons would rely upon.” The Chaisson court further held that “[t]his ^determination must be made on a case-by-case basis under the particular facts and circumstances.” Whiddon, 00-1349 at 6, 809 So.2d at 426.
While Title 40, Louisiana Administrative Code, Part IV, Subpart 1, Chapter 1, Rule 115B control here, and not Chaisson, I observe that even under the Chaisson standard, Cameco Industries’ evidence is not the type that reasonable persons would rely on. Its evidence all relates back to Mr. Woods’ crew chiefs version of events regarding insubordination. We need more.

CONCLUSION

For the above reasons, the judgment of the trial court should be reversed. Its judgment is not supported by competent evidence.